Case 7:24-cv-00020 Document 9 Filed on 05/23/24 in TXSD Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
May 23, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JORGE ERNESTO BLANCO-RODRIGUEZ | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIV. NO. 7:24-00020-1 |
| | § | |
| UNITED STATES OF AMERICA | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION**

Pending for consideration is Petitioner Jorge Ernesto Blanco-Rodriguez's Motion for Return of Property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure.[1] Petitioner, proceeding *pro se*, seeks return of seized property from government and related property release form signed by Plaintiff. (Dkt. No. 2 at 1-2.)[2] On March 6, 2024, Respondent filed Response and Motion to Dismiss Petitioner's Motion for Return of Property. Respondent seeks dismissal for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) as

---

[1] The District Court has referred this matter to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and L.R. 72.

[2] Said motion is set out in a hand-written letter filed as of September 19, 2023. *See Blanco-Rodriquez v. United States*, No. 7:23-mc-00150, Dkt. No. 1 (S.D. Tex.) (miscellaneous matter originally opened by Clerk's Office pending payment of fees or, alternatively, granting of permission to proceed *in forma pauperis*). The Honorable Magistrate Judge J. Scott Hacker granted request to proceed *in forma pauperis* on January 23, 2024. *See Id.*, Dkt. No. 2. Subsequently, Clerk's office administratively closed the miscellaneous matter and opened this proceeding.

Citations to specific pages are in reference to the pagination of docket entries within the District Clerk's office case management/electronic case-filing (CM/ECF) system operated for the U.S. Courts.

1

property in question has been destroyed and property release form does not exist within governmental records. (Dkt. No. 5 at 8.)

On April 8, 2024, Petitioner filed a letter response arguing that he does not have an interest in obsolete articles but wants to know why property was not delivered pursuant to release form signed by Petitioner. (Dkt. No. 8 at 2.)[3]

Based on review of the filings, record, and relevant case law, this matter is ripe for review and consideration without a need for hearing. For reasons discussed within this Report and Recommendation, the undersigned concludes that request for Respondent's motion to dismiss should be **GRANTED** as request for motion for summary judgment, Petitioner's request for property should be **DISMISSED with prejudice**, and this case closed out.

## I. BACKGROUND

On July 6, 2015, Secret Service Special Agent Jose Obando, the lead case agent in the criminal investigation, obtained an arrest warrant for Petitioner based on criminal complaint alleging allegations of conspiracy to knowingly, with intent to defraud, possess fifteen or more unauthorized access devices (credit/debit card account numbers) and conspiracy to commit wire fraud by devising a scheme to defraud by distributing stolen credit/debit card numbers for use by co-conspirators from on or about February 28, 2011, to on or about June 28, 2015. *See United States v. Blanco-Rodriguez*, No. 7:15-cr-01083-1, Dkt. No. 1 (S.D. Tex.). On July 9, 2015, Petitioner would be arrested at Miami International Airport based on said warrant. In connection to said arrest, the following items were seized by federal law enforcement officers: (1) one Apple iPhone 5; (2) one Kingston 18 GB flash drive; (3) one Corsair Flash Voyager 128 GB flash drive;

---

[3] Dkt. No. 8 is a letter written in Spanish but translated by a federally certified court interpreter for purposes of consideration in this report. *See* Dkt. No. 8-2 (translation of Petitioner's letter response).

(4) one Samsung Tablet; (5) one Sony Play Station 4 game console; and (6) eleven Play Station games. (Dkt. No. 6-1 (Exhibit A) at 1-2.) Each item would be searched pursuant to a federally issued search warrant and each item except for the Play Station items would contain evidence of criminal activity by Petitioner. (Dkt. No. 5 at 4-5; *see also* Dkt. No. 6-4 (Exhibit D) "Search and Seizure Warrant").)

After Petitioner's initial proceedings in Southern District of Florida – Miami Division, Petitioner would be transported by U.S. Marshals Service for prosecution to Southern District of Texas – McAllen Division. On April 18, 2016, Petitioner pled guilty to Count 1 of the multi-count indictment – conspiracy to commit wire fraud, from on or about February 2011 to on or about June 2015, in violation of 18 U.S.C. §§ 1343, 1349. On March 30, 2017, Petitioner was sentenced to 135 months in prison, a three-year term of supervised release, $100 special assessment, and ordered to pay restitution to various banks defrauded by Petitioner's wire fraud scheme. All remaining counts within the indictment were dismissed pursuant to plea agreement.

On November 6, 2018, the Fifth Circuit affirmed the District Court's sentence. *United States v. Blanco-Rodriguez*, 755 F. App'x 339 (5th Cir. 2018). As noted within the opinion, Petitioner's role within the wire fraud scheme has been outlined within the Present Investigation Report (PSR):

> During the instant offense, the defendant's role involved receiving stolen credit/debit card information form unknown individuals in Russia, Ukraine, Romania, and/or China from May 2011 to May 2015. After fraudulently receiving the account numbers, the defendant sold the account information to co-conspirators in exchange for financial gain. Mary Vaquera and other individuals sent electronic payments to unknown coconspirators in Russia, Ukraine, Romania, and/or China, and foreign coconspirators paid the defendant $2 to $5 for each fraudulent account number he disseminated during the offense. Investigators were able to confirm the defendant's involvement regarding 12,000 such fraudulent access devices during the four-year period from May 2011 to May 2015. Furthermore, undercover investigators purchased 250 stolen credit/debit account numbers from the defendant from January 2015 [to] April 2015. Although the confirmed fraud in this case

3

affected at least 100 financial institutions and exceeds $900,000, only 18 of the affected financial institutions reported or claimed pecuniary losses, resulting in a current total financial loss of $602,846.13.

*Blanco-Rodriguez*, 755 F. App'x at 340 (quoting PSR); *see also Blanco-Rodriguez*, No. 7:15-cr-1083, Dkt. No. 30 (PSR) at 10, ¶32.

On March 18, 2019, the Supreme Court denied Petitioner's writ of certiorari. *Blanco-Rodriguez v. United States*, 139 S. Ct. 1363 (2019).

On May 20, 2019, Petitioner filed Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. *Blanco-Rodriguez v. United States*, Case No. 7:19-cv-177, Dkt. No. 1 (S.D. Tex.). On November 6, 2020, the Hon. Magistrate Judge Hacker issued a report and recommendation, recommending that Petitioner's claims of ineffective assistance of both trial and appellate counsel be dismissed. (*Id.*, Dkt. No. 22.) On September 29, 2022, the Hon. Chief Judge Crane adopted said report and recommendation. (*Id.*, Dkt. No. 27.) Petitioner sought a certificate of appealability but on May 22, 2023, said request was denied by the Fifth Circuit. (*Id.*, Dkt. No. 39.)

On April 14, 2022, after the resolution of the criminal proceedings in District Court, each of the items requested by Petitioner, along with one additional iPhone and one additional flash drive, were destroyed by U.S. Secret Service. (Civ. Dkt. No. 6-2 (Exhibit B) at 2; *see also* Civ. Dkt. No. 6-5 (Exhibit E) at 1-2 (Secret Service policy as to "Disposition of Contraband Evidence").[4]

---

[4] Besides the items requested, the Respondent noted that the following items were seized at time of arrest and are still in possession of U.S. Secret Service: (1) one Spanish passport, (2) one Cuban passport, (3) one Cuban identification, (4) one Cuban license, and (5) one lighter and pack of cigarettes (disintegrated). (Dkt. No. 5 at 4; *see also* Dkt. No. 6-3 (Exhibit C).) Respondent is willing to return said items to Petitioner without a need for court order; Petitioner needs to have a representative retrieve said items from the U.S. Secret Service office in McAllen, Texas. (Civ. Dkt. No. 5 at 8.)

## II. SUMMARY OF THE PLEADINGS

In a hand-written letter, Petitioner sets out the following:

> Jose Obando, the Secret Service Agent, express to me verbally that the personal property items, including but not limited to: an iPhone, Samsung tablet, Play Station 4, and USB thumb drive containing personal data would be sent to my mother, whom I designated as my contact eligible to receive my property.
>
> I am moving the Court via this handwritten letter in efforts of retrieving the property, I listed above, because after years of waiting, my mother has yet to receive the property promised by the agent.

*See Blanco-Rodriguez*, No. 7:24-cv-00020, Dkt. No.2 at 1. Petitioner also seeks "a copy of the form I signed to release my property to my mother, for my personal records." (*Id.* at 2.) Finally, Petitioner asks that all property be sent to his mother. (*Id.*)

Respondent replies that property request, made "almost nine years after [Petitioner's] 2015 arrest," involves property that had been seized and searched pursuant to the criminal investigation. (Dkt. No. 5 at 3-5.) Each of the items, except for the Play Station items, "contained evidence or possible evidence of criminal activity." (*Id.* at 5.) Pursuant to U.S. Secret Service policy, all the items requested have been destroyed as of April 14, 2022, "almost seven (7) years" after the 2015 arrest. *Id.* at 5. Since all items requested are destroyed, Respondent seeks dismissal of the request. (*Id.* at 7.)

As for the noted property release form signed by Petitioner, Respondent claims that said form could not be located. (*Id.* at 6.) Secret Service Special Agent Obando provided an affidavit that explained said agent could not find said form within the case records and he does "not recall speaking to Petitioner about a Personal Property Release form." (*Id.* at 6-6 ("Declaration of Jose Obando").)

In response, Petitioner now claims that he no longer has any interest in "those obsolete items," but is despondent that the release form was not found and provided by the case agent. (Dkt.

5

No. 8 at 2.)[5] Petitioner claims he does not understand "why no one orders Mr. Obando to give me a copy of the document which I signed for him." (*Id.* at 2.) Petitioner further clarifies that the iPhone 5 sized was not his phone and the Play Station belonged to his son. (*Id.* at 3.) Petitioner concludes and requests the following:

> This motion is to clarify the focus that this civil action took was never my intent, they propose that you dismiss the motion and I propose that you say this[:]
>
> "Mr. Blanco never interested in his items/property, he only asks why they did not arrive if he signed a "release form" that it wasn't, but that's what they said it was, and that is why he became alarmed."
>
> I would like, if necessary, that the court's security videos be reviewed, and you will see Mr. Obando leaving that small space with the paper in his hand.
>
> He swore that it was not a release form, and as I said, today I also believe him, but order him to give me a copy of what I signed, whatever it may be.

(*Id.* at 3).

### III. STANDARD OF REVIEW

This matter is proceeding pursuant to a request for property under Rule 41(g) of the Federal Rules of Criminal Procedure. Since the criminal proceedings have concluded, Petitioner's initial filing is construed as a civil complaint within the court's general equity jurisdiction pursuant to 28 U.S.C. § 1331. *Bailey v. U.S.*, 508 F.3d 736, 738 (5th Cir. 2007) (citing *Taylor v. United States*, 483 F.3d 385, 387 (5th Cir. 2007)). Furthermore, Respondent's Motion to Dismiss will be considered a motion for summary judgment as it refers to "matter and documents outside of the pleadings" for the court to consider, in this case, government forms reflecting both seizure and destruction of said seized property and affidavit of federal case agent. *Id.*; *see Fernandez-Montes v. Allied Pilot Ass'n*, 987 F.2d 278, 283 n.7 (5th Cir. 1993) ("Ordinarily, when matters outside of

---

[5] *See supra* n.3.

the pleadings are considered, a motion for dismissal based on failure to state a claim is converted to a motion for summary judgment (see Fed. R. Civ. P. 12(b)(6)), which is disposed of as required by Fed. R. Civ. P. 56."); *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (noting that "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleading if they are referred to in the plaintiff's complaint and are central to her claim."); *see also* Fed. R. Civ. P. 12(d).[6]

Within this context, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue to any material fact and that the moving party is entitled to a judgment as a matter of law." *Bailey*, 508 F.3d at 738 (quoting Fed. R. Civ. P. 56(c)). "[S]ummary judgment should lie where the government shows that it does not have the claimant's property." *United States v. Mtaza*, 849 F. App'x 463, 478 (5th Cir. 2021) (citing *Bailey*, 508 F.3d at 740).

As noted, Petitioner is proceeding *pro se*; therefore, his pleadings will be held to "less stringent standard" than those drafted by a practicing attorney. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also United States v. Peña*, 122 F.3d 3, 4 (5th Cir. 1997). Yet, "pro se parties must still comply with the rules of procedure and make arguments capable of withstanding summary judgment." *Thorn v. McGary*, 684 F. App'x 430 (5th Cir. 2017) (quoting *Ogbodiegwu v. Wackenhut Corrs. Corp.*, 202 F3d. 265 (5th Cir. 1999) (per curiam)). Furthermore, "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural

---

[6] Arguably, the matters related to seized property are part of the pleadings since Petitioner seeks return of seized property, but affidavit of case agent provided by Respondent is a statement that appears to go beyond the pleadings. *See Hodge v. Engleman*, 90 F.4th 840, 844-45 (5th Cir. 2024); *Causey v. Sewell Cadillac-Chevrolet, Inc*, 394 F.3d 285, 290 (5th Cir. 2004) (commenting that defendant's (General Motors) submission of documentary evidence to support claim it was a separate legal entity from co-defendant, an automative dealership (Sewell Cadillac-Chevrolet), arguably relates to plaintiff's pleadings against defendants "by explaining relationship between GM and Sewell" as referenced within plaintiff's pleadings).

and substantive law." *Thorn*, 684 F. App'x at 433 (quoting *Hulsey v. State of Tex.*, 929 F.2d 168, 171 (5th Cir. 1991)).

## IV. ANALYSIS

In his initial filing, Petitioner seeks return of iPhone, Samsung tablet, Play Station 4, and a USB flash drive. Each of those items, including one additional iPhone and one additional flash drive, have been destroyed by federal officials. With the destruction of said property, there is no property to return to Petitioner and said request should be dismissed.

The affidavit provided by Special Agent Obando clearly sets out that the claim letter in question does not exist to return to Petitioner. Petitioner believes video surveillance of the meeting or of Agent Obando leaving a meeting with Petitioner will establish otherwise. This claim "is insufficient to create a genuine dispute of material fact." *Mtaza*, 849 F. App'x at 468. First, the claim of video surveillance within this scenario would not lead a reasonable person "to doubt the credibility of the affiant's testimony." *Id.* at 468. The property release form is counterintuitive for the property seized in question (except for the Play Station) was found to contain contraband or evidence of Petitioner's wire fraud scheme to defraud. Under these well-established facts, said items were not likely to be returned to Defendant as they have been shown to be evidence of the originally alleged criminal activity. Second, Petitioner is speculating what a saved video feed (if it still exists) of a surveillance camera may show several years later. Such speculation without any additional specific facts is insufficient to bring doubt as to the provided affidavit. *Id.* at 468 (citing 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2726 ("Specific facts must be produced in order to put credibility in issue so as to preclude summary judgment.")).

Therefore, the request for summary judgment should be granted as there are no genuine issues as to the facts of the case in regard to return of property.

## V. **NO FURTHER CLAIMS**

Petitioner is of the belief that property was to be returned to his mother pursuant to the alleged claims letter and points out that Play Station 4 does not belong to him but his son. The Play Station does not contain any evidence of Petitioner's wire fraud scheme. As noted by Petitioner in one letter, "I never said that I wanted to open a civil case to reclaim my property. My only request is that Mr. Jose Obando be ordered to hand me a copy of the document that according to him, was for me to authorize delivery of my property to my mother's address." (Dkt. No. 4 at 1.) In Petitioner's last filing, Petitioner just seeks the case to be dismissed. (*See* Dkt. No. 8.)

Even though *pro se* litigants are granted leeway in their arguments under *Haines*, based on Petitioner's statements he is not seeking any further claims against Respondent. This recommended dismissal only pertains to request for return of property and signed claims letter as set out in the original letter motion. As noted, there is no claim letter to return. Petitioner may wish to make a claim for wrongful conversion of property as outlined by Respondent. *See* Dkt. No. 5 at 7, ¶14. Such a claim would have to be brought administratively to the federal agency first and then in a new lawsuit, if necessary, *Bailey*, 508 F.3d at 739, and in compliance with appropriate procedures and time limitations.[7]

---

[7] Recent unpublished opinions from the Fifth Circuit have clarified that there is not cause of action for monetary damages based on deprivation of property pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). The Supreme Court has provided causes of actions for damages in three limited circumstances under *Bivens* and related progeny:

> (1) manacling a plaintiff in front of his family in his home and strip-searching him violation of the Fourth Amendment; (2) discrimination on the basis of sex by a congressman against a staff person in violation of the Fifth Amendment; and (3) failure to provide medical attention to an asthmatic prisoner in federal custody in violation of the Eighth Amendment.

*Mtaza*, 849 F. App'x at 469 (quoting *Oliva v. Nivar*, 973 F.3d 438, 442 (5th Cir. 2020)). Each of these implied causes of actions was created by the Supreme Court to provide a remedy for a violation of constitutional rights by federal officials. "To state a valid cause of action under *Bivens*, a plaintiff must allege that an individual acting under federal law deprived him of a right secured by the United States

## CONCLUSION

### *Recommended Disposition*

After a careful review of the record and relevant law, the undersigned recommends that Respondent's motion to dismiss (Dkt. No. 5) be **GRANTED**, Petitioner's request for property (Dkt. No. 2) be **DISMISSED with prejudice** and this matter closed out by the Clerk's Office.

### *Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file written objections to the proposed findings and recommendations contained in this report within 14 days after service shall bar an aggrieved party form *de novo* review by the District Court of the proposed findings and recommendations and from appellate review of factual findings and legal conclusions accepted or adopted by the District Court, except on grounds of plain error. *See Douglass v. United Serv. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc) *superseded by state on other grounds*, 28 U.S.C. § 636(b)(1).

The Clerk shall send a copy of this Order to Petitioner and counsel for Respondent.

**DONE** at McAllen, Texas, this 23rd day of May 2024.

_____
Juan F. Alanis
United States Magistrate Judge

---

Constitution." *Evans v. U.S. Border Patrol Agents*, No. 7:19-CV-00358, 2020 WL 9066054, at *6 (S.D. Tex. July 20, 2020) (citing *Bivens*, 403 U.S. at 395-97), *report and recommendation adopted sub nom. Evans v. Castillo*, No. CV M-19-358, 2021 WL 1215843 (S.D. Tex. Mar. 31, 2021). Recognizing that these implied causes of action were judicially created and implicated the separation of powers between the branches of government, the Supreme Court has reigned in extending of such causes of action to other contexts. *Id.* at *6, *9 (citing *Ziglar v. Abassi*, 582 U.S. 120 (2017)); *see also Mtaza*, 849 F. App'x at 469. Therefore, the Fifth Circuit has held that courts have not erred by denying a plaintiff leave to amend petition to incorporate a request for monetary compensation based on deprivation of property by federal officials. *Mtaza*, 849 F. App'x at 469; *U.S. v. Marquez*, No. 21-51116, 2022 WL 17335821, at *2 (5th Cir. 2022).